# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| ROMAN LEE JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 1:16-cv-2887-WTL-MJD |
| | ) |
| COMMISSIONER, INDIANA | ) |
| DEPARTMENT OF CORRECTION, | ) |
| | ) |
| Defendant. | ) |

## ENTRY FOLLOWING PRELIMINARY INJUNCTION HEARING/ TRIAL ON THE MERITS

A consolidated preliminary injunction hearing and trial on the merits was held on July 11, 2017. Pursuant to Federal Rule of Civil Procedure 52(a)(1), the Court now issues its findings of fact and conclusions of law.

## I.   PROCEDURAL BACKGROUND

On October 24, 2016, Plaintiff Roman Lee Jones filed suit alleging that the Defendant Commissioner of the Indiana Department of Correction violated his rights under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc, et seq. ("RLUIPA"). Specifically, Jones alleged that the Defendant's refusal to allow Jones to receive a Halal diet that includes meat imposes a substantial burden on the exercise of his religion in violation of RLUIPA.

## II.   FINDINGS OF FACT

### A.   Background

Roman Lee Jones is a prisoner at the Indiana State Prison ("ISP"). Jones is Muslim, and the Indiana Department of Correction ("DOC") recognizes him as such. Jones attempts to

comply with the requirements of Islam, one of which is to adhere to the religiously mandated dietary obligations referred to generally as halal (which means "lawful" or "permissible").[1] The standard DOC diet contains meat that is not halal, and the only alternative available religious diet that the DOC provides at ISP is a vegetarian diet designed to meet kosher requirements. Jones, however, believes that Islam prohibits rejecting food that Allah has given to humans—including certain types of animal meat. Accordingly, Jones avers that forcing him to adhere to a vegetarian diet violates his sincere religious beliefs.

### B. DOC Provision of Religious Meals

The regular DOC diet is not halal because the meat served is not halal. For a short period of time a number of years ago, the DOC provided pre-packaged halal meals, some of which contained meat, to Muslim prisoners who requested them. Before these halal meals were provided, the DOC provided pre-packaged kosher meals to Muslim prisoners—including Jones—who were authorized to receive them. Jones would have preferred a halal diet but believed that it was acceptable to eat a kosher meal, as it was food of Jews, who are considered by Muslims to be "people of the Book."

At some point, both kosher and halal meals were discontinued by the DOC. Following a December 2010 court order, the DOC began providing prepackaged lunches and dinners that were designated as kosher to all prisoners who requested them in writing due to sincerely held religious beliefs. The meals often contained kosher meat. No separate halal option was provided. Jones reapplied for, and received, a kosher diet.

---

[1] The Qur'an, the Holy Text of Islam, teaches that certain foods, such as pork and alcohol, are always haram (which means "forbidden") and as such may never be consumed by Muslims. Other foods, such as meat from cows, veal, lamb, sheep, goats, chickens, and ducks, are deemed to be halal if they are slaughtered in the manner prescribed by Islamic law and are not contaminated by food that is haram.

The DOC then set up separate kosher kitchens in five facilities, including ISP, where Jones currently is housed.² All meals served from these kosher kitchens are vegan and as such do not include any meat. Unless other circumstances prevent them from being housed at one of those prisons, all prisoners who request a kosher diet are moved to one of the prisons with a kosher kitchen. Prisoners who request a kosher diet but who cannot be moved to one of the five facilities receive pre-packaged meals that contain fish or kosher meat ("kosher trays").

As of February 27, 2017, there were 186 prisoners receiving kosher meals in the DOC, out of more than 32,000 prisoners, and sixteen of the prisoners receiving kosher diets continued to receive the kosher trays because those prisoners are not located in an institution with kosher kitchens. Ten of the fourteen kosher trays served each week contain either meat or fish.

### C. Jones's Religious Beliefs

Jones believes that his Muslim faith requires that he maintain a halal diet. To Jones, a halal diet must not only avoid foods that are prohibited, but must also be meat based. The frequency with which Jones must eat meat is not specified by the Qur'an, but meat must be a regular part of his diet. As such, a vegetarian diet such as the one served from the kosher kitchen is haram to Jones. Jones acknowledges that not all Muslims share his belief that they must eat a diet that does not exclude meat. Although Jones would prefer to have halal meals, in the absence of halal meals, his religious beliefs allow him to eat kosher meals that include kosher meat. *See* Dkt. No. 38-1 at 23, 42-43.

### III. CONCLUSIONS OF LAW

Jones alleges that imposing a vegetarian diet on him violates RLUIPA. Under RLUIPA:

[n]o government shall impose a substantial burden on the religious exercise of a

---

²There is no room to build a halal kitchen at any state prison.

3

person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person—

(1) is in furtherance of a compelling governmental interest; and

(2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a). Religious exercise is defined as "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A). Under the statute, the plaintiff has the burden of persuasion of showing that a challenged practice creates a substantial burden on religious exercise, at which point the burden of persuasion shifts to the government to prove that the burden is necessitated by a compelling governmental interest and that the restriction is the least restrictive means to meet that interest. 42 U.S.C. § 2000cc-2(b).

### A. Substantial burden on religious exercise

First, the Court must determine whether Jones has shown that the vegetarian diet creates a substantial burden on his religious exercise. Under RLUIPA, the question is not whether Jones's belief conforms to Islamic orthodoxy, but whether "the relevant exercise of religion is grounded in a sincerely held religious belief." *Holt v. Hobbs*, 135 S. Ct. 853, 862 (2015). Even if a petitioner's beliefs are idiosyncratic, RLUIPA's guarantees are not limited to beliefs which are shared by all of the member of a religious sect." *Id.* at 862-63 (quotation and citation omitted). The Court finds that Jones's belief that he must eat meat on a regular basis, though not shared by all Muslims, is a sincerely held religious belief.

Next, the Court must determine whether Jones has proven that the DOC's refusal to allow him a diet that comports with his religious beliefs substantially burdens his exercise of religion. In *Burwell v. Hobby Lobby Stores*, 134 S. Ct. 2751, 2775 (2014), the Supreme Court concluded

that the challenged federal mandate to provide health insurance covering birth control created a substantial burden in that it demanded that the plaintiffs "engage in conduct that seriously violates their religious belief." In *Holt*, 135 S. Ct. 853, the Court repeated this definition of substantial burden, finding that a substantial burden on the prisoner's religious belief that he had to wear a beard was present despite the fact that he had alternative means to practice his Islamic faith.

Jones's evidence, as presented through his deposition testimony, demonstrates that the kosher vegetarian diet requires Jones to engage in conduct that seriously violates his religious beliefs—forgoing meat provided by Allah. While a kosher diet itself does not substantially burden Jones's practice of religion, the diet currently provided at ISP—a vegetarian kosher diet—does. As such, the current diet provided to Jones substantially burdens his practice of religion.

### B. Compelling Governmental Interest/Least Restrictive Means

Because Jones has shown that the vegetarian kosher diet substantially burdens his religious exercise, the burden of persuasion shifts to the Defendant to demonstrate that imposition of the burden (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.

RLUIPA "requires the Government to demonstrate that the compelling interest test is satisfied through application of the challenged law 'to the person' – the particular claimant whose sincere exercise of religion is being substantially burdened." *Holt*, 135 S. Ct. at 863 (internal quotation marks and citations omitted). While the Defendant argues that he has a compelling interest in avoiding the substantial costs that could result if numerous prisoners seek a meat-based halal diet and that the public interest would not be

served by straining the budget and impinging on prison security, Jones has brought this lawsuit as an individual, not as part of a class action.[3]

Further, as Jones has acknowledged that a kosher diet tray with kosher meat is acceptable—though not preferable[4]—the provision of the pre-packaged kosher meal tray already available at those facilities without kosher kitchens will be minimally burdensome to the Defendant.[5] Accordingly, the Defendant has not met his burden of proving that the denial of a meat-based diet that conforms to Jones's religious beliefs is justified by any compelling governmental interest.[6]

## IV. CONCLUSION

The Defendant's refusal to provide Jones with a meat-based diet that meets the requirements of Jones's religious beliefs violates Jones's rights under RLUIPA. Based on Jones's testimony, meals that include kosher meat meet his religious requirements. Accordingly, the Court will enter an injunction requiring the Defendant to provide Jones with meals that provide halal or kosher meat on a regular basis. The pre-packaged kosher trays served to inmates at prisons that do not have a kosher kitchen would, according to the evidence presented to the Court, satisfy the requirements of Jones's religious beliefs. Jones's request for declaratory and injunctive relief is **GRANTED** and the Court will enter judgment in Jones's favor. Jones's

---

[3] The Defendant provided information that the cost of an individual meal with halal meat would be approximately $6.75. The pre-packaged kosher trays cost the food provider $4.85 each, but the Defendant has a contract with the provider to pay only $1.278 per pre-packaged kosher tray as long as long as the number of trays remains below 300.

[4] Jones's beliefs require that the meat cannot be haram. As such, the meat currently served at ISP would not satisfy Jones's needs. However, Jones's beliefs do not require him to eat halal meat. While he prefers halal meat, kosher meat is also acceptable to him.

[5] The Defendant did not present any evidence regarding the potential cost of this alternative.

[6] As the Defendant has not met this burden, the Court need not address the least restrictive means prong of test.

motion for preliminary injunction (Dkt. No. 8) is **DENIED AS MOOT**.

SO ORDERED: 8/8/2017

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.