UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROMAN LEE JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:16-cv-2887-WTL-MJD |
| | ) |
| COMMISSIONER, INDIANA | ) |
| DEPARTMENT OF CORRECTION, | ) |
| | ) |
| Defendant. | ) |

**Motion to Order Defendant to Return Plaintiff to Indiana State Prison**

Plaintiff, by counsel, says that:

1. On August 8, 2017, this Court awarded judgment to plaintiff and entered a permanent injunction stating:

> Defendant shall provide the Plaintiff with halal or kosher meals three times a day. At least eight of the twenty-one meals shall contain kosher or halal meat. The Defendant can satisfy this requirement by providing the Plaintiff with the pre-packaged kosher meal tray that currently is provided to inmates who receive kosher meals but who are not at a prison that has a kosher kitchen.

(Dkt. 54).

2. On September 6, 2017, the Commissioner of the Indiana Department of Correction ("DOC") filed his appeal of this decision.

3. At the time that Judgment was entered, and for approximately 20 years before that time, Mr. Jones was placed at the Indiana State Prison in Michigan City, Indiana.

4. All of Mr. Jones' family, including his aging mother, live in Gary or Chicago.

[1]

5.     It was therefore very easy for his family to visit with him, and his family frequently did visit.

6.     However, after the judgment in this case the DOC moved Mr. Jones to the Pendleton Correctional Facility where he continues to be placed.

7.     The move took place on August 21, 2017.

8.     At Pendleton he is being provided with the "TV-dinner-style" prepared lunches and dinners that the DOC uses to provide kosher meals to prisoners who are not at institutions with kosher kitchens.

9.     The meat in these meals are kosher.

10.    The "TV-dinners" that he receives are frozen off-site and then individual dinners are cooked or reheated in the ovens at the facility,

11.    The Pendleton Correctional Facility is a three hour or more drive for his family.

12.    The ostensible reason for the move to Pendleton was to place Mr. Jones in a facility where other prisoners receive the kosher "TV-dinners" so that he is not the only prisoner receiving such meals.

13.    Plaintiff believes that the DOC is claiming that by placing him where other prisoners are receiving the dinners he will not stand out to other prisoners.

14.    However, the evidence in this case demonstrates that, at least as of February 27, 2017, there were only nine prisoners at Pendleton Correctional Facility (denoted as "ISR" for "Indiana State Reformatory") receiving kosher diets (Dkt. 42-1). The DOC has previously indicated that the prisoners who have been allowed to remain at Pendleton, and receive the TV-dinner-style kosher meals are those held in restricted units, such as

Pendleton's mental health unit, and therefore cannot be moved (Dkt. 38-4 at 17 [ll. 16-25]).

15. Mr. Jones is currently housed in J-cell house at Pendleton. This is not restricted housing.

16. Mr. Jones understands that prisoners at Pendleton who are in restricted housing, such as the mental health units or what was formerly known as segregated housing, do not eat with the non-restricted prisoners and eat in their units.

17. Along with the other prisoners in his cell house Mr. Jones eats in the mess hall at Pendleton.

18. There are approximately 200 persons in his cell house.

19. He is the only prisoner in his cell house who receives the TV-dinner-style kosher meals for lunch and dinner.

20. Since his move to Pendleton he has not seen any other prisoner at the facility receive the TV-dinner-style kosher meal.

21. Although he is the only prisoner that he is personally aware of who receives the TV-dinner-style kosher trays, there have been no adverse reactions from any other prisoner because he is receiving those meals.

22. Inasmuch as the meals are sent to the DOC frozen, there is no reason they could not, just as easily, be sent to the Indiana State Prison to be cooked.

23. There is nothing in this Court's Judgment that authorizes the DOC to move Mr. Jones.

24.     Given that there is absolutely no purpose for Mr. Jones' transfer, he is being punished for having prevailed in this case. Although a prisoner has no right to be held in any particular prison, a prisoner cannot be transferred in retaliation for his exercise of his First Amendment right to pursue litigation. *See, e.g., Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

25.     Inasmuch as this Court's Judgment does not authorize Mr. Jones' move and the move violates Mr. Jones' rights, this Court should issue its order requiring that Mr. Jones be returned to the Indiana State Prison.

26.     Mr. Jones attaches his declaration in support of this motion and separately files his memorandum of law.

WHEREFORE, Roman Jones requests that this Court order the DOC to transfer him back to Indiana State Prison, and for all other proper relief.

                                                s/ *Kenneth J. Falk*
Kenneth J. Falk
No. 6777-49
Jan P. Mensz
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN  46202
317-635-4059
fax: 317-635-4105
kfalk@aclu-in.org
jmensz@aclu-in.org

Attorneys for Plaintiff

**Certificate of Service**

I hereby certify that on this 18th day of September, 2017, a copy of the foregoing was filed electronically with the Clerk of this Court. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system and the parties

may access this filing through the Court's system.

David Arthur
Senior Deputy Attorney General
David.Arthur@atg.in.gov

                                                /s/ Kenneth J. Falk

                                                Kenneth J. Falk
                                                Attorney at Law